UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
IN RE:

Terri Bucolo,

Debtor.

CASE NO.: 1-22-10658-PRW

CHAPTER: 13

HON. JUDGE: Warren, U.S.B.J.

------------------------------------------------------------X

## AMENDED ORDER PURSUANT TO 11 U.S.C. § 362(d)(4) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the Application (the "Application") by SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust (withany subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code, at 2854 Drum Road, Hartland, NY 14105 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties and on or about December 7, 2022 an Order Conditionally Granting Relief from Stay was signed by the Hon. Paul R. Warren, U.S.B.J. (the "Conditional Order"); and the Debtor having defaulted in making the required payments pursuant to the terms of the Conditional Order; and a Notice to Cure having been issued and served by Movant pursuant to the terms of the Conditional Order; and the Debtor having failed to timely cure the default set forth in the Notice to Cure, and

Upon the Amended Affirmation of Non-Compliance filed herewith, it is therefore, hereby

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that pursuant to 11 U.S.C. § 362(d)(4), upon entry of the within Order, any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 2854 Drum Road, Hartland, New York 14105 (County: Niagara) (the "Property"), shall not operate as a stay against Movant, its successors and/or assigns for a period of two years marked from entry of the within Order; and it is further

**ORDERED** that the co-debtor stay imposed in this case by 11 U.S.C. § 1301(a) is vacated under 11 U.S.C. § 1301(c)(3) as to the Movant's interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that upon the entry of this Order, the Chapter 13 Trustee shall discontinue making payments on Movant's Proof of Claim, Claim No. 5-1; and it is further

**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $350.00 and costs in the amount of $188.00 as provided in the loan documents; and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED** that the Movant shall promptly report to the Chapter 13 trustee any surplus monies realized by any sale of the Property; and it is further

**ORDERED** that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer; and it is further

**ORDERED** that the county recorded shall accept a certified copy of this Order for recording, and shall not reject recordation of this Order.

Dated: February 15, 2023  _____/s/_____
      Buffalo, NY                         Hon. Paul R. Warren, U.S.B.J.